IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Juan P. McLendon,                    Case No. 4:08 CV 1495

         Petitioner,             MEMORANDUM OPINION
                                     AND ORDER

     -vs-
                                    JUDGE JACK ZOUHARY

J. T. Shartle, et al.,

         Respondents.

On June 20, 2008, *pro se* Petitioner Juan McLendon filed this Petition pursuant to 28 U.S.C. §§ 1651 and 2241. McLendon names Warden Shartle at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), Northeast Regional Director Dodrill and Central Office Administrator Watts as Respondents. Petitioner, who is incarcerated at F.C.I. Elkton, claims he is being deprived of a "right" to which he is lawfully entitled. For the reasons stated below, the Petition for Writ of Habeas Corpus is dismissed.

## BACKGROUND

With the exception of Paragraph 15, there are no facts in the Petition that describe the nature of the claim. The relevant paragraph suggests McLendon attempted to purchase beard trimmers from the prison commissary without success. Attachments to his Petition indicate McLendon purchased Norelco hair clippers while he was incarcerated at F.C.I. Jesup. He was subsequently transferred to F.C.I. Elkton where the Receiving and Discharge staff determined the beard trimmers would not be

issued with his personal property from F.C.I. Jesup. Warden Shartle advised McLendon that, if he were authorized to possess the beard trimmers, F.C.I. Jesup should have advised him to ship them to his home at his expense (letter of 11/13/07 from Shartle to McLendon). The balance of facts set forth in the Petition describe how Petitioner fully exhausted his administrative remedies.

## ANALYSIS

McLendon sets forth three causes of action. He argues that his Fifth and Fourteenth Amendment rights have been violated, Respondents impermissibly foreclosed review by the courts and he is being denied a right "to which he is entitled." He seeks an order allowing him to purchase beard trimmers from the prison commissary.

## LACK OF JURISDICTION

Petitioner has failed to establish this Court's jurisdiction pursuant to 28 U.S.C. §§ 2241 or 1651. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Where, as here, a prisoner is challenging the "conditions of . . . confinement," those claims are best addressed in a civil rights action. *Id.* at 498-99; *see Badea v. Cox*, 931 F .2d 573, 574 (9th Cir.1991); *Okoro v. Scibana*, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15,1999), *cert dismissed*, 530 U.S. 1227 (2000). Because habeas relief is designed to test the fact or duration of confinement, *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir.2007), this Court cannot grant the relief Petitioner seeks.

**CONCLUSION**

For the above reasons, the Petition is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 5, 2008